# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON SMITH,<br><br>        Plaintiff,<br><br>   v.<br><br>SDP TRUCKING, INC.,<br><br>        Defendant. | Case No.: 1:19-cv-00211 DAD JLT<br><br>ORDER GRANTING IN PART STIPULATION TO AMEND THE CASE SCHEDULE<br>(Doc. 17) |

Two days before the non-expert discovery deadline, counsel filed a stipulation to extend the deadline because they had failed for six months to take depositions of key witnesses (Doc. 15). The did not seek an extension of any other deadline in the case schedule. Id. Despite misgivings, the Court granted the request and extended the non-expert discovery deadline to June 30, 2020 leaving in place the other deadlines in the case schedule (Doc. 16).

About a week later, the Governor of the State of California issued "stay-at-home" orders due to the COVID-19 pandemic, as did most governors in the country.  Since that time, apparently, counsel have made no progress on this case. They explain that they "prefer" to take depositions in person and, consequently, have taken none of the outstanding depositions. They request a further extension of time to August 2020 to complete this discovery.  They fail to provide the Court any assurance that in-person discovery will be feasible by that time or what their "Plan B" will be if their preferences are thwarted.

1

In addition, counsel have let the expert discovery period pass without disclosing experts or conducting any expert discovery. Indeed, they report that they have not even retained experts. (Doc. 17 at 2) They explain only that this was due to the "current restrictions in communication and travel." However, of course, the parties were obligated to disclose their experts within three weeks of their previous stipulation to amend the case schedule. (Compare Doc. 7 with Doc. 15) Had they intended to comply with this deadline, they would have had to have retained experts by the time of their previous stipulation. Clearly, the parties had no intention of complying with the expert discovery deadlines, and they now rely upon the tragedy of the COVID-19 pandemic to retrospectively justify their conduct.

Moreover, the Court is unaware of any restrictions on "communications" imposed by the COVID-19 crisis. Indeed, the Court has been conducting its ongoing operations through virtual means for nearly three months and knows of no impact on any form of "communication" caused by the COVID-19 situation except for that which occurs in person.

Counsel offer no explanation why they allowed the expert discovery deadlines to pass without taking any action. The scheduling order made clear that "**No motion . . . or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend**." (Doc. 7 at 4) Likewise, the Court is unclear why they believe that the Court should, once again, excuse what seems to be a willful disregard for its orders. Nevertheless, because it appears counsel's conduct would further burden the Court if they were forced to trial upon scant discovery, with reluctance, the Court will grant the request. The parties should not look upon this act of forbearance by the Court as anything other than an act of mercy that will not be repeated. Thus, the Court **ORDERS**:

1. The stipulation to amend the case schedule is **GRANTED** in **PART** as follows;

    a. The parties **SHALL** complete all non-expert discovery **no later than October 16, 2020**;

    b. The parties **SHALL** disclose their experts **no later than November 13, 2020** and any rebuttal experts **no later than December 4, 2020**. They **SHALL** complete all expert discovery **no later than January 15, 2021**;

   c. The parties **SHALL** file any non-dispositive motions **no later than January 29, 2021** and they will be heard **no later than March 2, 2021**;

   d. The parties **SHALL** file any dispositive motions **no later than April 2, 2021** and they will be heard **no later than May 4, 2021**;

   e. The pretrial conference is **CONTINUED** to **June 14, 2021** at 3:30 p.m.;

   f. The bench trial is **CONTINUED** to **August 10, 2021** at 8:30 a.m.

**There will be absolutely no further amendments to the case schedule. Counsel SHALL immediately investigate alternatives to traditional means of discovery and be prepared to use them.**

IT IS SO ORDERED.

Dated: **June 2, 2020**       **/s/ Jennifer L. Thurston**
                 UNITED STATES MAGISTRATE JUDGE